IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAURICE FREZZELL,

Defendant.

Criminal No. 17-00208
ELECTRONICALLY FILED

**<u>Memorandum Order on Motions in Limine (doc. 43 and doc. 45)</u>**

Defendant, Maurice Frezzell, has been charged in a one-count Indictment with distribution and possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C). The trial of this matter is set to commence on December 4, 2017. Pending before this Court are two (2) Motions in Limine filed by Defendant. In Defendant's first Motion (doc. 43), he seeks to exclude the Government's proffered Rule 404(b) evidence on the basis that testimony regarding prior transactions or an alleged conspiracy is inadmissible under Federal Rules of Evidence 404(b)(1) and 403. In Defendant's second motion (doc. 45), he seeks to exclude the audio recording and transcript (although he does not mention the accompanying video recording), which contains a discussion between the Government's informant and the Defendant at a bar on November 19, 2016, evidencing the alleged controlled buy, on the basis that it is of poor quality and largely unintelligible, therefore allegedly rendering it untrustworthy, unreliable and, consequently, inadmissible.

After careful consideration of Defendant's Motion in Limine, the Court hereby GRANTS Defendant's Motion regarding the Government's proffered Rule 404(b) evidence (doc. 43), and DENIES Defendant's Motion regarding the audio recording (doc. 45).

**Motion in Limine Re: 404(b) Proffer**

On November 3, 2017, the Government filed its offer of proof regarding 404(b) evidence giving notice of its intent to introduce evidence concerning the cooperating witness who made the recorded alleged drug purchase from Defendant on November 19, 2015. The proposed substance of the testimony by the cooperating witness, who is referred to as "Bart" in the Government's proffer, reveals the following proposed testimony: that Bart has purchased drugs on numerous occasions from a relative of Defendant, named "Boozy"; that Bart has been "long been aware" that Boozy's source of drugs was Defendant; that Bart eventually began to perform various tasks for Defendant, including non-criminal tasks such as taking his car to be repaired, among other things, and that Defendant would pay Bart for these tasks with either money or heroin or crack; that Bart had a "role in the drug trafficking organization [that] also included some criminal tasks" (including driving Defendant in high risk situations); and that Bart purchased drugs from Defendant, and estimates that these purchases would commonly occur multiple times a week, initially involved bundles (10 stamps) and quickly moved to bricks (50 stamps) of heroin.

The Government seeks to introduce testimony by Bart that the charged buy resulted after Bart contacted Defendant by telephone and arranged to purchase heroin, and that they met at the bar and Defendant provided him with the heroin, in exchange for the official DEA funds. Bart was being paid for his cooperation with the DEA regarding targets that include Defendant and others, and while Bart was initially charged with possession of user amounts of crack cocaine

and other summary traffic citations, Bart agreed to cooperate and the charges were eventually dismissed by the state prosecutor as a direct result of Bart's cooperation.

Defendant challenges the introduction of the above proposed testimony of Bart as a cooperating witness with a history of prior drug deals with Defendant as inadmissible improper propensity evidence under Rule 404(b)(1), and as impermissibly prejudicial under Rule 403. The Government counters that the proffered testimony (whether intrinsic or extrinsic evidence) is admissible on the basis that it has properly articulated the chain of permissible inferences, which does not rely on an inference of propensity, that it establishes the background and relationship of the parties to the alleged drug transaction, that it goes to bias and intent, and that its prejudicial effect is substantially outweighed by its probative value.

The Court finds that the evidence is extrinsic, and therefore, must be analyzed in conformance therewith under Rule 404(b). In order for evidence to withstand the strictures of Rule 404(b), which the United States Court of Appeals has recently clarified is a rule of exclusion, not inclusion, certain criteria must be met. *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). Rule 404(b) evidence requires: (1) a proper non-propensity, evidentiary purpose; (2) relevance under Rule 402 to that identified purpose; (3) sufficient probative value that is not outweighed by its prejudicial effect under [Rule] 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used. *United States v. Caldwell,* 760 F.3d at 276, 277-78 (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

"Rule 403 does not require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." *United States v. Cross*, 308 F.3d 308, 320-21 (3d Cir. 2002). Proffered 404(b) evidence must also be evaluated pursuant to Rule 403 to determine whether the evidence is sufficiently probative, "i.e., not be substantially more

prejudicial than probative." *Cross*, 308 F.3d at 320. The trial court must exercise great care in its analysis and assure that it is "detailed and on the record; a mere recitation of the purposes of Rule 404(b)(2) is insufficient." *Davis*, 726 F.3d at 442.

The relevancy of extrinsic evidence does not turn upon the defense's theory of the case. According to the United States Court of Appeals for the Third Circuit, "[i]ssues are not irrelevant just because the defense's theory presupposes them to be. The parameters of 404(b) . . . are set by the material issues and facts the government must prove to obtain a conviction." *United States v. Sampson*, 980 F.2d 863 at 888 (3d Cir. 1992).

Rule 404(b) provides in relevant part that: "Evidence of other crimes, wrongs or acts . . . may . . . be admissible . . . for [certain] purposes, such as motive, opportunity, *intent,* preparation, plan, *knowledge*, identity, or *absence of mistake* or accident." (emphasis added). Under Rule 404(b), evidence of other criminal conduct is "admissible whenever relevant to a case other than [to show] the defendant's criminal propensity." *United States v. Sriyuth*, 98 F.3d 739, 745 (3d Cir.1996). The prime inquiry is whether the evidence is probative of a material issue other than character. *Huddleston v. United States*, 485 U.S. 681, 687, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The Unites States Court of Appeals for the Third Circuit explained in *United States v. Davis*, 726 F.3d 434 (3d Cir. 2013) the following, which bears repeating:

> Prior-acts evidence requires care from prosecutors and judges alike. In proffering such evidence, the government must explain how it fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference. And then the 'district court, if it admits the evidence, must in the first instance, rather than the appellate court in retrospect, articulate reasons why the evidence also goes to show something other than character.' The reasoning should be detailed and on the record; a mere recitation of the purposes in Rule 404(b)(2) is insufficient.

The line of cases cited by the Government, while interesting, do not cover the exact scenario presented here, as many of those cases involved prior convictions for drug conspiracies, and prior convictions for possession of drugs which were held not to be relevant to prove knowledge and intent in a prosecution for intent to distribute. Perhaps most compelling at first blush is the ruling of the United States Court of Appeals for the Third Circuit in *United States v. Butch*, 256 F.3d 171 (3d Cir. 2001). In *Butch*, the trial court held, and the Court of Appeals affirmed, that 404(b) evidence may be offered to show pertinent background of the offenses, and to establish the relationship among co-conspirators. Of course, the difference in this case is that a drug conspiracy was not charged, and therefore, the ongoing relationship between defendant and the cooperating witness is not relevant because it does not aid the trier of fact in determining whether Defendant committed the act with which he was actually charged here. Instead, it appears to go to the issue of propensity – Defendant allegedly committed these other bad acts with the cooperating witness, and therefore, he must have done so here.[1]

After careful consideration, the Court finds that certain areas of the proffered testimony do not pass muster under Rule 404(b). Although the witness may testify generally that he had a prior relationship with Defendant, evidence of Defendant's other bad acts with the cooperating witness are not relevant <u>unless</u> Defendant opens the door by attacking the credibility of the witness, and/or if Defendant (either in argument or through examination) makes this evidence relevant. See *United States v. Green, 617 F.3d 233, 245 (3d Cir. 2010)*. For example, should Defendant contend that the cooperating witness is biased due to the deal he made with the

---

[1] To the extent that the Government argues that the bad acts evidence is relevant by reference to the laundry list of reasons supporting admission under Rule 404(b) including: knowledge, intent and absence of mistake, the Court agrees with Defendant that these justifications for admission of said evidence do not pass muster for the reasons set forth in his brief at doc. 59, at this juncture.

Government, then the Government is entitled to allow the cooperating witness to defend his credibility by explaining in full detail his prior dealings with Defendant.[2]

### Motion in Limine re: Audiotape, and Defendant's (Implicit) Request for a "Starks" Hearing

Defendant moves this Court to issue an Order precluding the Government's use of the audio recordings of Defendant (and transcript) and/or to hold a "*Starks*" hearing. First, Defendant cites *United States v. Starks*, 515 F.2d 112, 121 (3d Cir. 1975), presumably to argue that he is entitled to a hearing for the Court to determine that there are facts creating a sufficient foundation for the admission of the audio recording.[3] The Court notes, however, that Defendant states that he does not challenge the authenticity of the recording, but instead contends that the unintelligibility of the recording and the ambiguity of its contents render it "untrustworthy," and therefore inadmissible. The Court ordered the Government to produce to this Court the audio and related transcript for review, which the Government provided on 11/6/17, albeit a preliminary version of the transcript.

The Court will not limit the audio/video evidence in this case because the audiotapes are not of such a poor quality that the Government was unable to transcribe the recordings' contents. To the extent that Defendant is arguing inadmissibility on the basis of undue prejudice, the Court

---

[2] Because the Court has ruled this evidence inadmissible at this juncture, the Rule 403 analysis is not required at this time. However, the Court does agree with Defendant that introduction by the Government of other bad acts evidence could create "a trial within a trial," in that the parties would likely spend considerable time proving or refuting the alleged wrongful conduct not covered by the Indictment in this case. Nonetheless, the Court does not find that the prejudicial effect of this evidence substantially outweighs the probative value, should Defendant open the door as discussed herein.

[3] The Court does not find that Defendant has made a colorable attack on the quality of the audio recording such that a *Starks* hearing is required. *United States v. Starks*, 515 F.2d 112, 121 (3d Cir. 1975). In any event, the Court has reviewed the audio recording in conjunction with the written transcript, and finds it not to be so unintelligible as to be untrustworthy.

disagrees and finds that the audiotapes are not so deficient as to render them untrustworthy or unreliable. In fact, as the Government emphasizes, and this Court agrees, the majority of the conversation was audible, and only small portions of it are not fully audible. Accordingly, the probative value of this evidence far outweighs the danger of unfair prejudice, the risk of confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence. Subject to proper foundational requirements, the Court rules that the evidence is admissible as relevant under Rule 402, and not unduly prejudicial under Rule 403. Defendant is however, permitted to produce his own transcript of the recordings to present to the jury to and the Court will approve any such CJA request thereon.

The parties shall file a revised Joint Exhibit List by 2:00 p.m. on 11/14/17 (if applicable), and the Government shall simultaneously remove any exhibits from the exhibit binder provided to the Court that have been determined inadmissible by the rulings of the Court herein.

SO ORDERED, this 13th day of November, 2017,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record