IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MAURICE FREZZELL,

        Defendant.

CRIMINAL NO. 17-00208
**ELECTRONICALLY FILED**

# FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the Verdict Form on which you will answer a specific question. Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer that question.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, a smart phone like Blackberries, Androids, or iPhones, or a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or

social networking service such as Facebook, Twitter, MySpace, LinkedIn, or YouTube, to communicate with, receive from, or provide to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has one question for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have

your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answer until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

### Exhibits

Counsel for the parties have agreed to the legal admissibility of various exhibits. This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration. This does

not mean that the parties have agreed as to the inferences or conclusions that you should or may draw from any exhibit.

**What is Not Evidence?**

The following things are not evidence:

1. The indictment;

2. Statements, arguments, questions and comments by the lawyers are not evidence.

3. Likewise, objections are not evidence. Lawyers have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4. Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

5. Anything you saw or heard about this case outside the courtroom is not evidence. You must decide the case only on the evidence presented here in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A

reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

**Bias, Sympathy and Prejudice**

You may not allow sympathy or personal feelings to influence your determination. Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without

bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

**Evidence Admitted for a Limited Purpose [IF APPLICABLE]**

In certain instances, evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

**III. Credibility of Witnesses / Weight of Testimony in General**

**In General**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

**False In One, False In All**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**Number of Witnesses Not Important**

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

**Credibility of Witnesses - Testimony of Addict or Substance Abuser [IF APPLICABLE]**

Evidence was introduced during the trial that certain witnesses were using drugs and/or abusing alcohol when or after the events took place.

There is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his or her testimony must be considered with care and caution. The testimony of a witness who abuses drugs and/or alcohol may be less believable because of the effect the drugs and/or alcohol may have on his or her ability to perceive, remember, or relate the events in question.

After considering his or her testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

**Opinion Evidence [IF APPLICABLE]**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from _____. Because of his knowledge, skill, experience, training, or education in the field of forensic audio and voice identification, _____ was permitted to offer opinion in that field and the reasons for those opinions. The opinion this witness states should receive whatever weight you think appropriate, given all the other evidence in the case.

In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion entirely if you decide that _____ opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reason given in support of the opinion is not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Credibility of Witnesses - Cooperating Witnesses**

You have heard evidence that the witness named _____ has received a promise that he will not be prosecuted; or received a benefit from the government in exchange for testifying.

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has received a benefit from the government in exchange for his testimony, but you should consider the testimony of _____ with great care and caution. In evaluating _____ testimony, you should consider this factor along with the others I have called to your attention. Whether or not his testimony may have been influenced by the government's promise is for you to determine. You may give his testimony such weight as you think it deserves.

**Defendant's Choice Not to Testify or Present Evidence [IF APPLICABLE]**

Mr. Frezzell did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Frezzell did not testify. You must not

draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Frezzell did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

### Defendant's Testimony [IF APPLICABLE]

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, as he did in this case, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Frezzell testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

### Prior Convictions [IF APPLICABLE – If Defendant testifies]

You have heard evidence that Mr. Frezzell was previously convicted of crimes. You may consider evidence of Mr. Frezzell's previous conviction of crimes only to help you decide whether to believe his testimony and how much weight to give it. That evidence does not mean that Mr. Frezzell committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

**Judicial Notice**

I have taken judicial notice of certain facts, specifically that heroin is a schedule I controlled substance. You may accept this fact as proven, but are not required to do so. As with any fact, the final decision whether or not to accept it is for you to make, and you are not required to agree with me.

**Audio/Video Recordings - Consensual**

You heard and saw audio and video recordings of conversations with the defendant made without his knowledge. These recordings were made with the consent and agreement of the other party to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

**Audio/Video Recordings - Transcripts**

You heard and saw audio and video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard in the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or

understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.  The transcripts name the speakers.  But remember, you must decide who is actually speaking in the recording.  The names on the transcript are used simply for your convenience.

### Eyewitness Identification of the Defendant

One of the important issues in this case is whether Mr. Frezzell is the same person who committed the crime charged in the one count indictment. The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt.  Although it is not essential that a witness testifying about the identification himself be free from doubt as to the accuracy or correctness of the identification, you must be satisfied beyond a reasonable doubt based on all the evidence in the case that Mr. Frezzell is the person who committed the crime charged.  If you are not convinced beyond a reasonable doubt that Mr. Frezzell is the person who committed the crime charged in count one of the indictment, you must find Mr. Frezzell not guilty.

Identification testimony is, in essence, the expression of an opinion or belief by the witness.  The value of the identification depends on the witness' opportunity to observe the person who committed the crime at the time of the

offense and the witness' ability to make a reliable identification at a later time based on those observations.

You must decide whether you believe the witness' testimony and whether you find beyond a reasonable doubt that the identification is correct. You should evaluate the testimony of a witness who makes an identification in the same manner as you would any other witness. In addition, as you evaluate a witness' identification testimony you should consider the following questions as well as any other questions you believe are important (include only those called for by the facts of the case):

First, you should ask whether the witness was able to observe and had an adequate opportunity to observe the person who committed the crime charged. Many factors affect whether a witness has an adequate opportunity to observe the person committing the crime; the factors include the length of time during which the witness observed the person, the distance between the witness and the person, the lighting conditions, how closely the witness was paying attention to the person, whether the witness was under stress while observing the person who committed the crime, whether the witness knew the person from some prior experience, whether the witness and the person

committing the crime were of different races, and any other factors you regard as important.

Second, you should ask whether the witness is positive in the identification and whether the witness' testimony remained positive and unqualified after cross-examination. If the witness' identification testimony is positive and unqualified, you should ask whether the witness' certainty is well-founded.

Third, you should ask whether the witness's identification of Mr. Frezzell after the crime was committed was the product of the witness' own recollection. You may take into account both the strength of the later identification and the circumstances under which that identification was made. You may wish to consider how much time passed between the crime and the witness' later identification of the defendant. You may also consider whether the witness gave a description of the person who committed the crime and how the witness' description of the person who committed the crime compares to the defendant. If the identification was made under circumstances that may have influenced the witness, you should examine that identification with great care. Some circumstances which may influence a witness' identification are whether the witness was presented with more than

one person or just Mr. Frezzell; whether the witness made the identification while exposed to the suggestive influences of others; and whether the witness identified Mr. Frezzell in conditions that created the impression that he was involved in the crime.

Fourth, you should ask whether the witness failed to identify Mr. Frezzell at any time, identified someone other than Mr. Frezzell as the person who committed the crime, or changed his or her mind about the identification at any time.

## IV. Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant, Mr. Frezzell, pleaded not guilty to the offense charged. Mr. Frezzell is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Frezzell unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Frezzell is guilty of the offense charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr.  Frezzell not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Frezzell has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Mr. Frezzell is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Frezzell guilty of the offense charged, the government must convince you that he is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own

life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.  On the other hand, if you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for the offense.

## V.  The Indictment

### Nature of Indictment

The defendant, Mr. Frezzell is charged in the indictment with Distribution and/or Possession with Intent to Distribute a Quantity of a Mixture and Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), on or about November 19, 2015.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime or crimes the defendant is accused of committing.  An indictment is simply a description of the charge against a defendant.  It is an accusation

only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Frezzell has been indicted in making your decision in this case.

**On or About**

You will note that the indictment charge that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Venue**

The indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania. There is no requirement that all aspects of the offense charged took place here in the Western District of Pennsylvania. But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime charged either the agreement, or one of the overt acts, took place here in the Western District of Pennsylvania. Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely

than not that, some act in furtherance of the crime charged or part of the conspiracy took place here. Remember that the government must prove all the elements I have described beyond a reasonable doubt.

**VI. Elements of the Offense Charged**

**Count One - Controlled Substance – Distribution and/or Possession with Intent to Distribute (21 U.S.C. § 841(a))**

Count One of the indictment charges Mr. Frezzell with Distribution and/or Possession with Intent to Distribute a Quantity of a Mixture and Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance, which is a violation of federal law.

In order to find Mr. Frezzell guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That Mr. Frezzell possessed a mixture or substance containing a controlled substance;

Second: That Mr. Frezzell possessed the controlled substance knowingly or intentionally;

Third:   That Mr. Frezzell distributed the controlled substance and/or possessed it with the intent to distribute the controlled substance; and

Fourth:  That the controlled substance was heroin.

**Controlled Substances – Possession Defined**

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that Mr. Frezzell physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within Mr. Frezzell's control, he possessed it. If you find that Mr. Frezzell either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in Mr. Frezzell's physical possession - that is, that Mr. Frezzell had the ability to take actual possession of the substance when Mr. Frezzell wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

Mere proximity to the controlled substance, or mere presence on the property where it is located, or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

**Controlled Substances – Distribute Defined**

Distribute, as used in the offense charged, means to deliver or to transfer possession or control of a controlled substance from one person to another.

To distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery and/or a transfer without any financial compensation, such as a gift or trade.

**Controlled Substances Offenses – Controlled Substance Defined**

You are instructed that, as a matter of law, heroin is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that Mr. Frezzell distributed and/or possessed with the intent to distribute a mixture or substance containing a detectable amount of heroin.

**VII.  Proof of Required State of Mind – Intentionally and Knowingly**

**Knowingly or Intentionally Defined**

To act knowingly, as used in the offense charged, means that Mr.

Frezzell was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that Mr. Frezzell knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that Mr. Frezzell intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that Mr. Frezzell knew that what he distributed and/or possessed with intent to distribute was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact heroin. However, as long as you find that the government proved beyond a reasonable doubt that Mr. Frezzell knew that what he distributed and/or possessed with intent to distribute was a controlled substance, you need not find that Mr. Frezzell knew that the controlled substance was heroin.

In deciding whether Mr. Frezzell acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the

evidence that may prove what was in his mind at that time.

**VIII. Process of Jury Deliberation**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether

everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding.  Don't interrupt and don't monopolize the discussion.  Speak one at a time.  Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A Verdict Form has been prepared for you, and you have reviewed a copy.  You will take the original Verdict Form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations.  If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will bring it to my attention.  After consulting with the lawyers, I will then

respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]