IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-0208 |
| | Civil No. 21-00009 |
| Plaintiff, | |
| | ELECTRONICALLY FILED |
| v. | |
| MAURICE FREZZELL, | |
| Defendant. | |

**Memorandum Opinion on Motion to Vacate, Set Aside, or Correct Sentence under Title 28 U.S.C. Section 2255. (Doc. 155, Doc. 159, and Doc. 161)**

**I.     Introduction**

Pending before this Court is the Motion to Vacate, Set Aside or Correct Sentence on behalf of Petitioner, Maurice Frezzell, along with supplements thereto. Doc. 155, Doc. 159, and Doc. 161. Petitioner raises the following challenges to his conviction and sentence. First, he claims that under the recent decision of the United States Court of Appeals for the Third Circuit, in *United States v. Nasir*, he is not a career offender. *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020). Second, he claims that he was charged with one crime and convicted of another crime on the basis of allegedly flawed jury instructions. Third, he contends that the definition of "felony drug offense" is unconstitutionally vague, and his statutory maximum penalties should not have been increased. The Government responds that Petitioner failed to allege any of the above three (3) argument on direct appeal, and he is therefore, procedurally barred from doing so now unless he can demonstrate cause and actual prejudice.

Petitioner posits that his trial counsel and appellate were ineffective for failing to raise the above three claims. The Court disagrees with Petitioner on all of his claims, and instead finds

1

that his underlying arguments are without merit; and therefore, his counsel could not be ineffective for failing to raise claims that are meritless.  For the reasons that follow, Petitioner's Motion will be DENIED without a hearing.

## II. Procedural History

On August 8, 2017, Petitioner was charged by Indictment with one-count of Distribution and Possession with Intent to Distribute a Quantity of a Mixture and Substance and Mixture Containing a Detectable Amount of Heroin, in violation of Title 21 United States Code Sections 841(a)(1) and (b)(1)(C).  Then, on October 25, 2017, the Government filed an Information to establish a prior conviction for an enhanced penalty of up to 30 years imprisonment, and in support, the Government relied upon three (3) prior felony drug offenses.

On December 4 through December 6, 2017, the jury trial of this matter occurred, and Defendant was convicted on the sole count of the Indictment.  Petitioner was sentenced on June 12 and June 13, 2018, and after extensive testimony, the Court held that Petitioner's offense level was a 34 and his criminal history category was VI, resulting in a sentencing guideline range of 262 to 327 months' imprisonment.  The Court, however, ruled against the Government's requested offense level of 36, and carefully considered the parties arguments and stated that the Government could not get the benefit of convicting Petitioner of other crimes (resulting in a higher advisory guideline range) without sustaining its burden on those crimes at a trial.  The Court also ruled Petitioner was a career offender, but importantly, he would have still been assigned a Criminal Category of VI, regardless of his career offender status.  The Court sentenced Petitioner to a 327-month term of imprisonment, followed by 6 years of supervised release.  Doc. 142.

Newly appointed counsel for Petitioner filed an appeal of his conviction and sentencing and, notably, raised none of the issues he now raises in that appeal, including that he did not challenge his sentence, his career offender designation, or the jury instructions. Doc. 143. The Court of Appeals affirmed the judgment of conviction and sentence on October 31, 2019. Doc. 152 and Doc. 153.

On January 4, 2021, Petitioner filed the instant Motion and it is therefore timely because it was filed within one year of January 29, 2020, the date Petitioner's judgment became final. Doc. 155. Upon the filing of the Motion, the Court issued a *Miller* Notice on February 10, 2021, and on February 19, 2021, Petitioner filed his Notice of Intent electing to proceed and raised one supplemental issue related to his career offender status argument. Doc. 160 and Doc. 161. The Court has received and reviewed Petitioner's Motion and Reply/supplemental filings, as well as the Government's Response thereto. Doc. 155, Doc. 161, Doc. 165, Doc. 167, and Doc. 168.

### III. Standard of Review

Title 28 U.S.C. Section 2255 provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the District Court. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992)(quoting *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989), *cert.*

3

*denied* 500 U.S. 954 (1991)). In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the Court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day,* 969 F.2d at 41-42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. The Court must view the factual allegations in the light most favorable to the Petitioner. Government of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on Petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted). However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005) (citations omitted).

In order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Id.* at 689-90 (citation omitted). On the other hand, the mere fact that counsel's challenged performance or tactic can be called "strategic" in the sense it was deliberate, does not

4

answer the dispositive question of whether that decision or tactic fell within the wide range of "reasonable professional assistance." *Davidson v. United States,* 951 F.Supp. 555, 558 (W.D.Pa. 1996), *quoting Government of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1431-32 (3d Cir.), *cert. denied* 117 S.Ct. 538 (1996). "Reasonable trial strategy must, by definition, be reasonable." *Davidson,* 951 F.Supp. at 558.

Counsel's strategy must be judged by a standard of reasonableness based on the prevailing norms of the legal profession. *Berryman v. Morton,* 100 F.3d 1089, 1094 (3d Cir. 1996) (*Strickland* standards for claims of ineffective assistance of counsel unchanged under Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214). Ineffective assistance of counsel will not be found simply because, with the assistance of hindsight, the reviewing court disagrees with counsel's strategy. *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir. 1997). In the context of a Section 2255 petition for collateral relief, the Unites States Court of Appeals for the Third Circuit has offered the following guidance:

> The . . . test for determining whether a hearing should be held on an ineffectiveness claim is slightly altered by the *Strickland* holding. Our analysis of allegations of ineffectiveness of counsel breaks down into two parts. First, we must determine whether the district court considered as true all of appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required. That is, if a nonfrivolous claim does not conclusively fail either prong of the *Strickland* test, then a hearing must be held. Thus, the district court must employ the *Strickland* analysis at least once, and may have to employ it twice--first, as a threshold analysis of all claims on a limited record, and then again only on colorable claims after full factual development of those claims.

5

*United States v. Dawson,* 857 F.2d 923, 927-28 (3d Cir. 1988).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objection standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge v. U.S.,* 554 F.3d 372, 379 (3d Cir. 2009)(*quoting Strickland,* 466 U.S. at 688)). As in any other ineffective assistance of counsel context, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The Court must employ a highly deferential standard, which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Hankerson,* 496 F.3d 303, 310 (3d Cir. 2007)(quoting *Strickland,* 466 U.S. at 689). To rebut this presumption, a Petitioner "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner,* 428 F.3d 491, 499 (3d Cir. 2005).

Under the second prong (i.e., the prejudice prong), Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Hankerson,* 496 F.3d at 310 (quoting *Strickland,* 466 U.S. at 694).

### III. Discussion

In the instant Motion, Petitioner raises three (3) issues for this Court's consideration which will be addressed *seriatim.* Preliminarily, the Court will address the procedural matter of whether Petitioner's underlying ("stand-alone") claims are subject to default.

### A. Petitioner's Stand-Alone Claims are Defaulted

At the outset, the Court recognizes that to the extent Petitioner's three (3) claims are what the Court will characterize as stand-alone claims, all of them could have been raised on direct appeal, and they were not. Accordingly, Petitioner's stand-alone claims have been procedurally defaulted. *Nixon v. United States,* 2020 WL 4194130, at *2 (W.D. Pa. July 21, 2020).

Unless Petitioner can demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent, his claims are subject to default in the instant case. It is important to note, however, that ineffectiveness of counsel that rises to the level of a lack of Due Process may be considered a cause for default. *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). To the extent Petitioner's claims are layered against appellate counsel for failing to raise ineffectiveness claims against trial counsel, the same standard applies, as obviously appellate counsel cannot be faulted for choosing not to raise meritless claims on appeal. Because Petitioner raises ineffectiveness claims, the merits of his underlying claims will, nonetheless, be examined.

### B. Petitioner's Career Offender Designation Is Correct

Petitioner posits that his prior Pennsylvania state court convictions exclude him from career offender designation, under the *Nasir* decision, and that it was ineffective assistance of counsel for his counsel to fail to raise this issue at sentencing and on appeal. In *Nasir*, the United States Court of Appeals for the Third Circuit held that "inchoate crimes are not included in the definition of controlled substance offense given in Section 4B1.2(b), thereby overruling long established precedential authority established in *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994). *United States v. Nasir,* 982 F.3d 144 (3d Cir. 2020).

In a nutshell, *Nasir* is not applicable to Petitioner's prior criminal history that formed the basis for his career offender designation because he was not convicted of attempt or conspiracy in his prior offenses, and in any event, he was still properly assigned a Criminal History Category of VI on the basis of his prior criminal convictions (irrespective of the career offender designation). His layered claims of ineffective therefore fail because counsel cannot be expected to raise meritless claims (that were not even good law at the time of his sentencing and on appeal).

To expand on his argument, Petitioner claims that his prior Pennsylvania state court convictions exclude him from the career offender designation under the *Nasir* decision, and that it was ineffective assistance of counsel for his counsel(s) to fail to predict a change in the law and to raise this issue at either the sentencing or on appeal.[1] In *Nasir*, the United States Court of Appeals for the Third Circuit held that "inchoate crimes are not included in the definition of controlled substance offense given in Section 4B1.2(b), thereby overruling long established precedential authority established in *United States v. Hightower*, 25 F.3d 182 (3d. Cir. 1994). Petitioner contends that even though he was convicted of possession with intent to deliver/delivery, (as opposed to attempt), because Pennsylvania allows "delivery" to include "attempt," his convictions in state court cannot qualify him as a career offender under *Nasir*, and relatedly, that trial and appellate counsel were ineffective for failing to raise this issue.

---

[1] The Presentence Investigation Report reveals that Petitioner has three (3) prior controlled substance offenses and none of these were conspiracies or attempt convictions. Doc. 120. In the first offense, Petitioner was observed on camera while in police custody dumping crack cocaine in the toilet of the police department, and was convicted of possession with intent to deliver cocaine base in Pennsylvania state court. Doc. 120 at paragraph 41. The second offense is for delivered of 1.6 grams of crack cocaine to an undercover narcotics detective, and he was convicted of delivery of cocaine base in Pennsylvania state court. Doc. 120 at paragraph 42. Third, Petitioner sold 7.5 gram of crack cocaine to an confidential informant and was convicted in federal court of distribution of 5 grams or more of crack cocaine, and was on supervised release when he committed the instant offense. Doc. 120 at paragraph 46.

The Court has again reviewed the Presentence Investigation Report (PSI) and sees no error in its decision to categorize him as a career offender. In any event, regardless of the career offender designation, the Sentencing Guideline Range would have been the same because his criminal history category was established as a VI, with a total criminal history score of 22. Moreover, *Nasir* was decided in 2020, Petitioner's trial occurred in 2017, and his sentencing was completed on June 13, 2018. The United States Court of Appeals for Third Circuit affirmed his conviction on October 31, 2019. [Doc. 152](). Therefore, at the time of Petitioner's sentencing and on appeal, the law as set forth in *Hightower* was still binding precedent, as *Nasir* was not decided until 2020.

Additionally, and critically, the precedential shift in *Nasir* is not applicable to Petitioner's prior criminal conduct because he was not charged with or convicted of attempt or conspiracy but instead, he was convicted of delivery of controlled substances. Petitioner's first argument fails as both a stand-alone claim, and as grounded in a layered ineffectiveness claim. The United States Court of Appeals for the Third Circuit has explained that counsel's performance is not deficient and does not excuse a procedural default, where they have "fail[ed] to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015). Petitioner's first argument is therefore procedurally barred because he can not establish cause or prejudice.

### C. Petitioner's "Constructive Amendment" Claim Fails

Second, Petitioner posits that because the Court, using a standard jury instruction explaining the Government's burden of proof on venue, once referred to "conspiracy" in its final jury instructions, that he was charged with a distribution crime but was convicted of another crime (conspiracy). As the Government emphasizes, and this Court agrees, this argument has been described in the caselaw as a "constructive amendment" claim. *See Young v. Yost*, 363
9

F.App'x 166, 168 (3d Cir. 2010). Setting aside the issue of procedural default, and considering this argument solely on its merits, Petitioner's argument is unconvincing.

The jury was well informed of the nature of the crime, and what charges were pending against Petitioner numerous times throughout the trial of this matter, during jury selection, after jury selection in its preliminary instructions, at the end of the trial during its final instructions, and in the verdict form. Doc. 149 at 14, Doc. 149 at 133-34, Doc. 150 at 170-71. During an explanation of the Government's burden of proof to show that the crime occurred in the Western District of Pennsylvania and using the standard instructions adopted by the Court of Appeals for the Third Circuit, the Court stated the following:

> The indictment alleges that some act in furtherance of the offense occurred here in the Western District of Pennsylvania. There is no requirement that all aspects of the offense charged took place here in the Western District of Pennsylvania. But for you to return a guilty verdict, the Government must convince you that some act in furtherance of the crime charged, either the agreement or one of the overt acts, took place in the Western District of Pennsylvania. Like all the elements I have described, the fact -- this fact only has to be proved by the preponderance of the evidence -- I misspoke, I believe. Unlike all the other elements that I have described, this fact only has to be proved by the preponderance of the evidence. This means the Government only has to convince you that it is more likely than not that some act in furtherance of the crime charged or part of the conspiracy took place here. Remember, the Government must prove all elements I've described beyond a reasonable doubt. Now we're going to speak about the elements of the crime. Count 1 of the indictment charges Mr. Frezzell with distribution and/or possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, which is a violation of federal law. In order to find Mr. Frezzell guilty of this offense, you must find the Government proved each of the following four elements beyond a reasonable doubt: First, that Mr. Frezzell possessed a mixture or substance containing a controlled substance. Second, Mr. Frezzell possessed the controlled substance knowingly and intentionally. Third, that Mr. Frezzell distributed the controlled substance and/or possessed it with intent to distribute the controlled substance. And, fourth, the controlled substance was heroin.

Doc. 150 at 170-71.

The portion of the above jury instructions that Petitioner argues was incorrect is the following sentence: "the Government only has to convince you that it is more likely than not that some act in furtherance of the crime charged or part of the conspiracy took place here." [Doc. 150 at 170-71](Doc. 150 at 170-71). This was not an error, but instead mimics the language of the Criminal Model Jury Instructions adopted by the Court of Appeals for the Third Circuit, at Chapter 3.09, and is the standard instruction the Court uses in instructing its criminal juries on venue. To the clear, the Court never stated that Petitioner had been charged with conspiracy. To the extent this singular instruction was unclear, at most, it is harmless error. *United States v. Bentley*, 2015 WL 12743602, at *3-4 (E.D. Pa. June 10, 2015)(where Court mistakenly referenced once 'conspiracy to interfere with interstate commerce by robbery' – a crime with which Petitioner was not charged, the Court held that it was not a constructive amendment of the indictment, and was harmless error, so his counsel was not ineffective for failing to raise a meritless issue).

Turning, then, to the issue of layered claims of ineffective assistance of counsel in failing to raise this issue either at trial or upon appeal, again, counsel cannot be deemed ineffective for choosing not to raise a claim that it without merit on its face. Petitioner cannot show that he suffered any actual prejudice as a result of this instruction, and therefore, his claim of ineffective assistance of counsel cannot establish cause for his procedural default.

### D. Petitioner's "Vagueness" Argument Fails

Third, and finally, Petitioner contends that he should not have been subjected to a 30-year maximum sentence because "felony drug offense" is unconstitutionally vague. Petitioner's count of conviction is 21 U.S.C. Section 841(b)(1)(C), which provides that, "If any person commits such a violation after a prior convictions for a felony drug offense that has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years. [Doc. 37](Doc. 37).

21 U.S.C. Section 802(a)(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Petitioner relies on *Johnson v. United States* for his position that the portion of the "felony drug offense" definition that restricts "conduct relating to narcotic drugs," is unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), on the basis of vagueness, because it added an increased prison term for "violent felonies," which were defined as "conduct that presents a serious potential risk of physical injury to another." 576 U.S. at 594-97. Importantly, *Johnson* is not applicable to Petitioner because he was not sentenced under the ACCA. *See United States v. Every*, 2018 WL 3837729, at *2 (*Johnson* is not relevant here because Petitioner was sentenced under Sections 841 and 851, as he was convicted on a felony drug charge. Section 851 does not contain a residual clause and 'felony drug offense' is defined under Section 802(a)(44)).

Unfortunately for Petitioner, this same vagueness challenge to Section 802(a)(44) has been considered and rejected by numerous courts as a meritless argument. *United States v. Duncan*, 2019 WL 366667, at *4 (E.D. Pa. January 30, 2019)(*citing United States v. Johnson*, 2019 WL 266375, at *8 (W.D. Pa. January 18, 2019), *certificate of appealability denied*, 2019 WL 11725403 (3d Cir. September 12, 2019)). Moreover, the Supreme Court has "expressly held the definition contained in Section 802(44) to be, 'coherent, complete, and by all signs exclusive' and further found that 'there is no ambiguity for the rule of lenity to resolve.'" *United States v.*

*Troche-Rivera*, 2019 WL 3837729, at *2 (M.D. Pa. August 15, 2019)(*quoting Burgess v. United States*, 553 U.S. 124, 135-36 (2008)).

Because Petitioner's third underlying claim is meritless, his trial and appellate counsel could not be effective for failing to raise this issue, and Petitioner's challenge to the application of enhanced maximum penalties is procedurally barred. *See Lafler v. Cooper*, 566 U.S. 156, 167 (2012)(counsel cannot be faulted for failing to raise a meritless objection).

## IV.    Conclusion

Judging Petitioner's allegations in the light most favorable to him, he has failed to meet his burden to warrant collateral relief. Because his underlying stand-alone claims fail, his layered claims of ineffectiveness also fail, and he is procedurally defaulted from raising these claims. The Court will not hold an evidentiary hearing because the motion and supplements conclusively show that Petitioner is not entitled to relief. *United States v. Booth*, 432, F.3d 542, 545-46 (3d Cir. 2005).

Likewise, Petitioner has made no substantial showing of the denial of a constitutional right or that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Ebo v. United States*, 2020 WL 614113, at *9 (W.D. Pa. Feb. 10, 2020)(*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a Certificate of Appealability.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence will be DENIED. Doc. 155, Doc. 159, and Doc. 161. An appropriate Order follows.

                                                          s/Arthur J. Schwab
                                                          Arthur J. Schwab
                                                          United States District Judge

cc:       All Registered ECF Counsel and Parties